Anthony PACEE *v.* STATE of Arkansas

CR 90-285                                        962 S.W.2d 808

Supreme Court of Arkansas
Opinion delivered March 5, 1998

*Petitioner, pro se.*

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for respondent.

PER CURIAM. In 1990, Anthony Pacee was found guilty of four counts of violating the Arkansas Uniform Controlled Substances Act and the offense of being a felon in possession of a firearm. He was sentenced as a habitual offender to terms of imprisonment of twenty years, twelve years, twelve years, and life. We affirmed. *Pacee v. State*, 306 Ark. 563, 816 S.W.2d 856 (1991). Pacee subsequently filed in the trial court a petition for postconviction relief which was denied.

On December 16, 1997, Pacee filed a petition here entitled "Petition for an Extraordinary Remedy from a Judgment in Columbia County, Arkansas," which invokes "the ancient writ of error coram nobis." We treat the petition as a petition to reinvest the trial court with jurisdiction to consider a petition for writ of error coram nobis and deny it. Once a judgment has been affirmed on appeal, a petition for leave to proceed in the trial court with a coram nobis action is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997).

A writ of error coram nobis is an exceedingly narrow remedy, appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the trial court. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984), citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. A presumption of regularity attaches to the criminal conviction being challenged, *Larimore, supra*, citing *United States v. Morgan*, 346 U.S. 502, 512 (1954), and the petition must be brought in a timely manner. *Penn, supra*. Newly discovered evidence in itself is not a basis for relief under coram nobis. *Larimore, supra*; *Smith v. State*, 301 Ark. 374, 784 S.W.2d 595 (1990).

Petitioner asserts that jurisdiction should be reinvested in the trial court to consider an error coram nobis petition on the following grounds: (1) he was not informed of his right to coun-

sel under Criminal Procedure Rule 36.4; (2) he was not present during an *ex parte* communication with the jury; and (3) he was denied effective assistance of counsel because a "fee cap" was in place which undermined his defense. We do not find that petitioner Pacee has demonstrated that there was a fundamental error extrinsic to the record which would have resulted in a different verdict had the fact been known at trial. As a result, there is no cause to reinvest the trial court with jurisdiction to consider a petition for writ of error coram nobis.

Petition denied.