

Cite as 2014 Ark. 29

# SUPREME COURT OF ARKANSAS

No. CR–13–975

| | | |
|---|---|---|
| | | Opinion Delivered January 23, 2014 |
| ERIC EUGENE MASON | APPELLANT | PRO SE MOTION FOR TRANSCRIPT AND EXTENSION OF BRIEF TIME [SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT, 66CR-11-602] |
| v. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2011, appellant Eric Eugene Mason was found guilty by a jury of murder in the second degree and sentenced as a habitual offender to 540 months' imprisonment. The Arkansas Court of Appeals affirmed. *Mason v. State*, 2013 Ark. App. 48.

Appellant subsequently filed in the trial court a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011), seeking to vacate the judgment. The petition was denied after a hearing, and appellant lodged an appeal in this court from the order. Appellant timely filed the appellant's brief after he filed the motion that is now before us is in which appellant seeks a copy of the transcript lodged in this appeal and an extension of time to file the brief.

As it is clear from the record that appellant could not prevail on appeal, we dismiss the

appeal.  The motion is moot.  An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail.  *Paige v. State*, 2013 Ark. 135 (per curiam); *Riddell v. State*, 2012 Ark. 11 (per curiam); *see also Fowler v. State*, 2013 Ark. 340 (per curiam).

Appellant's petition was not in compliance with the Rule in that it was not verified in accordance with Rule 37.1(c).  Rule 37.1(c) requires that the petition be accompanied by an affidavit that is sworn before a notary or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.  Rule 37.1(d) requires that the circuit clerk reject an unverified petition and that the circuit court or the appellate court must dismiss a petition that fails to comply with Rule 37.1(c).  *Paige*, 2013 Ark. 135; *see also Williamson v. State*, 2012 Ark. 170 (per curiam);  *Stephenson v. State*, 2011 Ark. 506 (per curiam).  Appellant's signature on the petition was notarized, but there was no verification that the facts stated in the petition were true, correct, and complete as required by the Rule.[1]

The verification requirement for a postconviction-relief petition is of substantive importance to prevent perjury.  *Martin v. State*, 2012 Ark. 312 (per curiam); *Williamson*, 2012

---

[1]One of the exhibits to the Rule 37.1 petition was verified, but the verification clearly pertained to the exhibit only.  The exhibit was a description of discussions between appellant and his attorney.  The verification on the exhibit reads in its entirety, "I further swear that the description of the incident contained herein, is a true, accurate and impartial description to the best of my knowledge, information and belief."  The verification of the exhibit does not substitute for verification of the petition itself.

Ark. 170; *Tucker v. State*, 2011 Ark. 543 (per curiam); *see Carey v. State*, 268 Ark. 332, 596 S.W.2d 688 (1980). We have held that a circuit court lacks jurisdiction to consider arguments raised in an unverified Rule 37.1 petition. *Martin*, 2012 Ark. 312; *Williamson*, 2012 Ark. 170; *Stephenson*, 2011 Ark. 506. Because appellant's Rule 37.1 petition was not in compliance with Rule 37.1(c), it should not have been accepted for filing, and it did not act to confer jurisdiction on the trial court to consider the merits of the petition.[2] *Paige*, 2013 Ark. 135; *Hatton v. State*, 2012 Ark. 286 (per curiam). Where the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Paige*, 2013 Ark. 135; *Williamson*, 2012 Ark. 170; *Talley v. State*, 2011 Ark. 497 (per curiam); *Gilliland v. State*, 2011 Ark. 480 (per curiam).

Appeal dismissed; motion moot.

---

[2]Attachments are considered a part of the petition. *Hatton v. State*, 2012 Ark. 286 (per curiam). The petition in the trial court far exceeded the ten-page length allowed for petitions under Rule 37.1(b) when the exhibits to the petition were included in the page-count. The petition, therefore, could have been dismissed for failure to conform to Rule 37.1(b). *See Murry v. State*, 2011 Ark. 343 (per curiam). Compliance with Rule 37.1(b), however, is not jurisdictional in nature, and a circuit court may elect to rule on a petition that does not comply with Rule 37.1(b). *Moss v. State*, 2013 Ark. 431 (per curiam) (citing *Barrow v. State,* 2012 Ark. 197).