SLIP OPINION

Cite as 2015 Ark. 102

# SUPREME COURT OF ARKANSAS

No. CR-83-94

| | |
|---|---|
| RODNEY WILLIAMS<br>　　　　　　　　PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>　　　　　　　　RESPONDENT | Opinion Delivered March 5, 2015<br><br>SECOND PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[PULASKI COUNTY CIRCUIT COURT, NO. 60CR-82-834]<br><br><br>PETITION DENIED. |

## PER CURIAM

In 1983, a jury found petitioner Rodney Williams guilty of aggravated robbery and murder in the first degree. He was sentenced as a habitual offender to an aggregate term of life imprisonment. We affirmed. *Williams v. State*, 281 Ark. 91, 663 S.W.2d 700 (1983), *cert. denied*, 469 U.S. 980 (1984) (*Williams I*). He subsequently filed a petition here seeking relief pursuant to our postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (1983).[1] The petition was denied. *Williams v. State*, CR-83-94 (Ark. Jan. 16, 1986) (unpublished per curiam) (*Williams II*).

In 2005, more than twenty-one years after he was convicted, petitioner filed in this court a pro se petition in which he requested permission to proceed in the trial court with a petition

---

[1]When petitioner was convicted, the rule required a petitioner to obtain leave from this court before filing a Rule 37.1 petition in the trial court. The rule was abolished by this court effective July 1, 1989. *In re Abolishment of Rule 37 & the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure*, 229 Ark. App'x 573, 770 S.W.2d 148 (1989). The rule was reinstated in a revised form effective January 1, 1991. *In re Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure*, 303 Ark. App'x 746, 797 S.W.2d 458 (1990). The revised rule did not require petitioners to gain leave of this court before proceeding in the trial court.

SLIP OPINION

for writ of error coram nobis. The petition was denied. *Williams v. State*, CR-83-94 (Ark. Nov. 3, 2005) (unpublished per curiam) (*Williams III*). Petitioner has now filed a second petition in this court entitled "Writ of Error Coram Nobis or Motion for New Trial." We construe the petition as a second request that jurisdiction be reinvested in the trial court so that petitioner may proceed with a petition for writ of error coram nobis.[2]

A petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Id.* The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Cromeans*, 2013 Ark. 273. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis

---

[2]As with the first such petition, the petition was assigned the same docket number as the direct appeal in the case.

proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

In his first petition, petitioner alleged that various police officers conspired to convict him by coercing his statements and then lying to the court about the circumstances under which the statements were given. He further contended that the prosecution knew the officers' testimony was untrue and withheld the testimony of two other officers who could have offered testimony favorable to the defense at the hearing on his motion to suppress the statements. He argued that the withholding of the witnesses' testimony amounted to withholding exculpatory evidence and violated the right to due process guaranteed by *Brady v. Maryland*, 373 U.S. 83 (1963). As his second ground to proceed in the trial court, petitioner alleged that erroneous evidence was used to establish that he was a habitual offender. After setting out the due-diligence requirement in making an application for coram-nobis relief, this court concluded that it was abundantly clear that petitioner was aware at the time of trial that certain police officers had testified concerning his statements at the suppression hearing and at his trial but other officers had not. We then held that, even if the prosecution had somehow hidden the fact of the other officers' existence, petitioner did not explain why he could not have learned about the officers at the time of trial or, with diligence, produced the issue without a delay of more than twenty years. Finally, we held that petitioner was also fully aware at the time of trial of evidence put forth by the prosecution to establish that he was a habitual offender. *Williams III*, slip op. at 2.

Now, in his second petition, petitioner again alleges a *Brady* violation based on the

SLIP OPINION

repeated claim that various police officers gave false testimony regarding the circumstances of his confession and that the prosecution withheld the testimony of other officers who would have offered testimony to support his motion to suppress statements. Petitioner also again asserts that he is entitled to coram-nobis relief because erroneous evidence, namely two suspended sentences, should not have been considered in determining his status as a habitual offender. These two claims are an abuse of the writ, and we decline to exercise our discretion to permit the renewal of petitioner's previous application on these points because he fails to state additional facts sufficient to provide grounds for the writ. *See Rodgers v. State*, 2013 Ark. 294, at 3-4 (per curiam) ("[A] court has the discretion to determine whether the renewal of a petitioner's application for the writ, when there are additional facts presented in support of the same grounds, will be permitted."). Petitioner alleges no facts in the petition now before us that are sufficient to distinguish his instant claims of a *Brady* violation and improper consideration of evidence from the claims that he advanced in his first petition. He did not establish a basis for issuance of the writ in his first petition based on these claims, and his reassertion of the same claims in the instant petition is a misuse of the remedy.

Petitioner next relies on former Arkansas Rule of Criminal Procedure 36.4 to support a claim that he is entitled to relief because the trial court did not advise him of his right to raise collateral issues on appeal, namely the issue of ineffective assistance of trial counsel. Petitioner, who was represented by counsel on direct appeal, further appears to contend that Rule 36.4 provided a posttrial rather than a postconviction remedy and that he was denied the right to

SLIP OPINION

"new counsel" to raise an ineffective-assistance claim on appeal.[3] Because petitioner fails to state a fundamental error extrinsic to the record which would have resulted in a different verdict had the fact been known at trial, there is no cause to reinvest the trial court with jurisdiction to consider a coram-nobis petition based on this claim. *See Pacee v. State*, 332 Ark. 184, 962 S.W.2d 808 (1998).

Finally, petitioner raises a number of claims of ineffective assistance of counsel. Such allegations are outside the purview of a coram-nobis proceeding. *See Mason v. State*, 2014 Ark. 29 (per curiam). Allegations that counsel did not render the effective assistance guaranteed by the Sixth Amendment are properly raised in a timely petition for postconviction relief pursuant to Rule 37.1. *Mason*, 2014 Ark. 29. A petition for writ of error coram nobis is not a substitute for proceeding under Rule 37.1. *Id.*

To the extent that petitioner is raising the argument that, because he was not given an adequate opportunity to present claims of ineffective assistance of counsel, this court should reinvest jurisdiction in the trial court to entertain these allegations based on *Martinez v. Ryan*, 132

---

[3]Appellant appears to be confused with regard to our criminal procedural rules in effect at the time of his conviction. At the time that petitioner was convicted in 1983, postconviction Rule 37.1 was in effect, and the trial court was not required pursuant to Rule 36.4 to advise him of his right to raise the issue of ineffective assistance of counsel. At the time of appellant's conviction, Rule 36.4 provided, in pertinent part, that, "[a]t the time sentence is pronounced and judgment entered, the trial judge must advise the defendant of his right to appeal, the period of time prescribed for perfecting the appeal, and either fix or deny the bond." When Rule 37 was abolished, effective July 1, 1989, we amended Rule 36.4 to require the trial court upon sentencing to inform a defendant of his or her right to file within thirty days a motion for new trial on the ground of ineffective assistance of trial counsel. *In re Abolishment of Rule 37 & the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure*, 229 Ark. App'x 573, 770 S.W.2d 148. (This provision was abolished when Rule 37 was reinstated in a revised form, effective January 1, 1991. *In re Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure*, 303 Ark. App'x 746, 797 S.W.2d 458.).

S. Ct. 1304 (2012), his reliance on *Martinez* is misplaced. The *Martinez* Court held that, when state law requires a prisoner to use a collateral attack rather than a direct appeal to raise a claim that his trial attorney was not effective under the Sixth Amendment, the prisoner's failure to comply with state rules in bringing his collateral attack on the judgment will no longer bar a federal judge from granting habeas relief on that claim, if the prisoner had no attorney to represent him in the collateral proceeding or that attorney was ineffective and if the petition filed in the state court had a meritorious claim. *Martinez* does not require this court to expand the scope of a coram-nobis proceeding to allow for issuance of a writ of error coram nobis to permit a collateral challenge to a judgment of conviction based on claims of ineffective assistance of counsel. *Jarrett v. State*, 2014 Ark. 272 (per curiam). Again, a coram-nobis proceeding is an exceedingly narrow remedy that requires a showing of facts that were extrinsic to the record that would have prevented rendition of the judgment at trial. *Pitts v. State*, 2014 Ark. 132 (per curiam). Petitioner's claim that he was not afforded an adequate opportunity to present claims of ineffective assistance of counsel is not within the scope of such a proceeding. We decline to refashion the writ to afford petitioner a remedy. *See Zulpo v. State*, 2014 Ark. 14 (per curiam) (holding that the scope of a coram-nobis proceeding would not be expanded to include an argument outside the four categories recognized as being within the purview of a coram-nobis proceeding).

As the State urges and as we held in *Williams III*, petitioner has failed to exercise due diligence in bringing a coram-nobis petition. Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *Philyaw*

*v. State*, 2014 Ark. 130 (per curiam).  In the absence of a valid excuse for delay, the petition will be denied.  *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay bringing the petition.  *Id.*  The requirements are a sequence of events, each of which a petitioner must show to prove due diligence.  *Wright v. State*, 2014 Ark. 25 (per curiam).  Here, petitioner waited more than thirty-one years after the judgment of conviction before filing this second petition for coram-nobis relief.  Even if petitioner had presented grounds sufficient to support issuance of the writ, his failure to act with due diligence, alone, would constitute good cause to deny the petition.

Petition denied.

*Rodney Williams*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for respondent.