SLIP OPINION

Cite as 2016 Ark. 8

# SUPREME COURT OF ARKANSAS.

No. CR–15–473

| | | |
|---|---|---|
| BRIAN F. WARD | | **Opinion Delivered** January 14, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-09-4467] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE HERBERT T. WRIGHT, JUDGE |
| | | AFFIRMED IN PART AND REMANDED FOR RESENTENCING IN PART. |

**PER CURIAM**

In 2010, appellant Brian F. Ward entered a plea of guilty to rape and sexual assault in the second degree. He was sentenced as a habitual offender to concurrent sentences of 120 months' imprisonment for rape and 180 months' imprisonment for second-degree sexual assault. Imposition of an additional 180 months' imprisonment for second-degree sexual assault was suspended. With respect to the 180-month sentence, the trial court applied Arkansas Code Annotated section 16-93-609 (Supp. 2003), requiring that the sentence imposed was to be served without possibility of parole.

On January 29, 2015, Ward filed in the trial court a pro se petition seeking a writ of error coram nobis. The petition was denied, and Ward brings this appeal.

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Newman v. State*, 2014 Ark. 7, at 13–14. An abuse of discretion occurs when the trial court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852.

The trial court's findings of fact, on which it bases its decision to grant or deny the petition for writ of error coram nobis, will not be reversed on appeal unless clearly erroneous or clearly against the preponderance of the evidence. *Newman*, 2014 Ark. 7, at 13–14. There is no abuse of discretion in the denial of error-coram-nobis relief when the claims in the petition were groundless. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

We first note that Ward has raised a number of claims for the first time in this appeal, including the argument in his brief that his sentence was illegal because the statute of

limitations for the offense of rape had elapsed by the time the judgment in his case was entered. An appellant is limited to the scope and nature of the arguments he made below and that were considered by the lower court in rendering its ruling. *Feuget v. State*, 2015 Ark. 43, 454 S.W.3d 734. We have routinely held that we will not hear arguments raised for the first time on appeal. *Nooner v. State*, 339 Ark. 253, 4 S.W.3d 497 (1999). Likewise, the grounds for relief that Ward raised below, but not on appeal, are considered abandoned. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

Ward contended in his petition, and argues in this appeal, that a writ of error coram nobis is warranted because he was not afforded effective assistance of counsel at the plea proceeding. This court has repeatedly held that ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings and that such proceedings are not a substitute for raising ineffective-assistance-of-counsel claims under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1.[1] *White v. State*, 2015 Ark. 151, 460 S.W.3d 285.

---

[1]The trial court noted that, even if the claims of ineffective assistance of counsel were considered as claims for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2010), Ward would be entitled to no relief because the request for relief would not have been timely filed. When a petitioner under the Rule entered a plea of guilty, the petition must be filed in the trial court, pursuant to Rule 37.2(c)(i), within ninety days of the date of entry of judgment. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, a trial court lacks jurisdiction to grant postconviction relief. *Muldrow v. State*, 2014 Ark. 333, at 2, 439 S.W.3d 46, 47 (per curiam).

Ward further asserts in his brief that he was entitled to issuance of the writ on his allegations of ineffective assistance of counsel under *Martinez v. Ryan*, 132 S. Ct. 1309. His reliance on *Martinez*, however, is misplaced. The *Martinez* Court held that, when state law requires a prisoner to use a collateral attack rather than a direct appeal to raise a claim that his trial attorney was not effective under the Sixth Amendment, the prisoner's failure to comply with state rules in bringing his collateral attack on the judgment will no longer bar a federal judge from granting habeas relief on that claim, if the prisoner had no attorney to represent him in the collateral proceeding or that attorney was ineffective and if the petition filed in the state court had a meritorious claim. *Martinez* does not require this court to expand the scope of a coram-nobis proceeding to allow for issuance of a writ of error coram nobis to permit a collateral challenge to a judgment of conviction based on claims of ineffective assistance of counsel or the other claims raised by Ward in his petition. *See Williams v. State*, 2015 Ark. 102, 460 S.W.3d 274 (per curiam); *see also Jarrett v. State*, 2014 Ark. 272 (per curiam). Again, a coram-nobis proceeding is an exceedingly narrow remedy that requires a showing of facts that were extrinsic to the record that would have prevented rendition of the judgment at trial. *Newman*, 2009 Ark. 539, 425 S.W.3d 61.

Ward also contends that the trial court erred when he entered his plea of guilty by not complying with Arkansas Rules of Criminal Procedure 24.4 and 24.6, which pertain to the responsibilities of the trial court when accepting a plea of guilty and in not properly evaluating his competency to enter the plea. The allegations are also outside the purview of a coram–nobis proceeding. Assertions of trial error do not provide a ground to grant a writ of error coram nobis. *See Echols v. State*, 360 Ark. 332, 201 S.W.3d 890 (2005). When

a defendant enters a plea of guilty, the guilty plea is his trial, and claims of trial error should be brought at trial. *See Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1986); *see also Wilburn v. State*, 2014 Ark. 394, 441 S.W.3d 29 (per curiam).

Finally, Ward argues that the judgment in his case was invalid on its face because it was illegal under Arkansas Code Annotated section 5-4-104 (Repl. 2009) to suspend imposition of an additional 180 months' imprisonment for second–degree sexual assault. We consider the claim even though it was not raised in the petition filed in the trial court inasmuch as this court views an issue of a void or illegal sentence as being an issue of subject–matter jurisdiction that can be addressed at any time. *See Richie v. State*, 2009 Ark. 602, at 4, 357 S.W.3d 909, 912.

In Arkansas, sentencing is entirely a matter of statute. *Walden v. State*, 2014 Ark. 193, at 3-4, 433 S.W.3d 864, 867; *Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007) (citing Ark. Code Ann. § 5-4-104(a) (Repl. 2013) ("No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter.")). In stating this general rule, this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Sullivan v. State*, 366 Ark. 183, 234 S.W.3d 285 (2006).

Second-degree sexual assault is a Class B felony. Ark. Code Ann. § 5-14-125(b)(1) (Repl. 2006). The sentencing range for a Class B felony is 60 to 240 months' imprisonment. Ark. Code Ann. § 5-4-401(a)(3) (Repl. 2006). The 180-month sentence imposed on Ward for sexual assault was, thus, within the statutory range. *See Gilliland v. State*, 2014 Ark. 149 (per curiam). The suspended imposition of an additional 180-month sentence for the same

offense, however, caused the sentence to exceed the statutory range allowed for the offense, rendering it illegal on its face. While, in pertinent part, Arkansas Code Annotated sections 5-4-104 and 5-4-301 do not prohibit the suspended imposition of sentence for the offense of sexual assault in the second degree, the trial court could not enter a judgment imposing a sentence for 180 months' imprisonment and also suspending imposition of an additional 180 months' imprisonment because the judgment had the effect of placing Ward under the jurisdiction of the court of 360 months when the maximum sentence authorized by statute was 240 months.

The court may sentence the defendant to a term of imprisonment and suspend imposition of sentence as to an additional term of imprisonment. Ark. Code Ann. § 5-4-104(e)(3) (Supp. 2009). If a court suspends imposition of sentence, the period of suspension cannot exceed the maximum prison sentence for the offense. Ark. Code Ann. § 5-4-306(a)(1) (Supp. 2006). While a trial court can impose a suspended sentence for up to the maximum term of imprisonment allowed, when the suspended sentence is combined with a period of imprisonment, the total period of imprisonment is subject to the limitations of section 5-4-401. *Walden*, 2014 Ark. 193, 433 S.W.3d 864. The general rule is that if the original sentence is illegal, even though partially executed, the sentencing court may correct it. *State v. Webb*, 373 Ark. 65, 71, 281 S.W.3d 273, 277 (2008). We remand the matter to the trial court for resentencing on the second-degree sexual-assault conviction.

In a similar claim, Ward argues that the judgment was facially invalid because Arkansas Code Annotated section 16-93-609 was applied to his sentence for sexual assault. The statute provides that any person who commits a felony offense after August 13, 2001,

and who has previously been found guilty of, or pleaded guilty to, a felony offense, shall not be eligible for parole with respect to the sentence imposed. Ark. Code Ann. § 16-93-609(b). As stated, Ward was sentenced as a habitual offender. We have held that the statute applies to a sentence for second-degree sexual assault. *See Pitts v. Hobbs*, 2013 Ark. 457, at 2. Accordingly, the sentence was not illegal under section 16-93-609.

Affirmed in part and remanded for resentencing in part.

*Brian Ward*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.