SLIP OPINION

Cite as 2016 Ark. 17

# SUPREME COURT OF ARKANSAS.
No. CR-07-277

| | | |
|---|---|---|
| JIMMY SMITH, JR. | | **Opinion Delivered** January 21, 2016 |
| | PETITIONER | |
| | | PRO SE PETITION TO REINVEST |
| V. | | JURISDICTION IN THE TRIAL |
| | | COURT TO CONSIDER A PETITION |
| | | FOR WRIT OF ERROR CORAM |
| STATE OF ARKANSAS | | NOBIS |
| | | [PULASKI COUNTY CIRCUIT COURT, |
| | RESPONDENT | NO. 60CR-06-1007] |
| | | |
| | | PETITION DENIED. |

**PER CURIAM**

In 2006, petitioner Jimmy Smith was found guilty by a jury of first-degree murder in the death of Corte Beavers. He was sentenced as a habitual offender to 720 months' imprisonment. The Arkansas Court of Appeals affirmed. *Smith v. State*, CR–07-277 (Ark. App. Feb. 6, 2008) (unpublished) (original docket no. CACR 07-277). Smith subsequently filed in the trial court a pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2006). Relief was denied, and Smith appealed from the order to this court. The appeal was dismissed. *Smith v. State*, 2010 Ark. 122 (per curiam).

Now before us is Smith's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy.

SLIP OPINION

*State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

As grounds for a writ of error coram nobis, Smith alleges that he was convicted of a crime that he did not commit as the result of the State's withholding witnesses and evidence from the defense at trial. He further states that he did not raise his claims sooner because he was not appointed new counsel on direct appeal to raise "ineffective-assistance-at-trial claims" and because the trial court failed to inform him of his right to raise allegations of ineffective assistance of counsel on appeal. He contends that under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), this court can now consider his claims of ineffective assistance of counsel in a coram-nobis proceeding.

First, a trial court does not have the duty to inform the convicted defendant of collateral remedies available to him after conviction. With respect to Smith's invocation of *Martinez*, his reliance is misplaced. The *Martinez* Court held that, when state law requires a prisoner to use a collateral attack rather than a direct appeal to raise a claim that his trial attorney was not effective under the Sixth Amendment, the prisoner's failure to comply with state rules in bringing his collateral attack on the judgment will no longer bar a federal court from granting habeas relief on that claim, if the prisoner had no attorney to represent him in the collateral proceeding or that attorney was ineffective and if the petition filed in the state court had a meritorious claim.

*Martinez* does not require this court to expand the scope of a coram-nobis proceeding to allow for issuance of a writ of error coram nobis to permit a collateral challenge to a judgment of conviction based on claims of ineffective assistance of counsel. *Williams v. State*, 2015 Ark. 102, at 6, 460 S.W.3d 274, 278 (per curiam); *Jarrett v. State*, 2014 Ark. 272 (per curiam). Again, a coram-nobis proceeding is an exceedingly narrow remedy that requires a showing of facts that were extrinsic to the record that would have prevented rendition of the judgment at trial. *Pitts v. State*, 2014 Ark. 132 (per curiam). A petitioner's claim that he was not afforded an adequate opportunity to present claims of ineffective assistance of counsel is not within the scope of such a proceeding. We have declined to refashion the writ to afford such a remedy. *See Zulpo v. State*, 2014 Ark. 14 (per curiam) (holding that the scope of a coram-nobis proceeding would not be expanded to include an argument outside the four categories recognized as being within the purview of a coram-nobis proceeding).

Smith argues that the writ should issue on the ground that the State relied on the testimony of Brenda Gonzalez, who "arguably had motivation to fabricate her testimony." He also asserts that the State's case against him was weak because Gonzalez's testimony regarding the victim's dying declaration implicating him in the murder of Corte Beavers was inconsistent and was based on what Gonzalez had learned by "playing detective" and questioning people in the neighborhood about the crime. He also contends that the recording of the 911 call made it clear that Gonzalez had not actually gone over to the victim before making the call for help and that she did not want to go there.

It is clear that Smith's allegations concerning Gonzales are intended as a challenge to the credibility of Gonzalez and the overall sufficiency of the evidence to sustain the judgment. Neither challenge is cognizable in a coram-nobis proceeding. The sufficiency of the evidence and the credibility of witnesses are issues to be settled at trial, not in a coram-nobis proceeding. *McArthur v. State*, 2014 Ark. 367, at 7, 439 S.W.3d 681, 685, *cert. denied*, 135 S. Ct. 1432 (2015); *see also Pinder v. State*, 2015 Ark. 423, at 5 (per curiam).

Smith further states that the State introduced into evidence a 9mm revolver found several blocks from the crime scene, but the bullet fragments recovered from the victim's body did not match the bullets from that gun. He alleges that the trial court's decision to withhold the results of a laboratory report on the bullet fragments and the State's failure to test the fragments removed from the victim prejudiced the defense and constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. In *Strickler*

SLIP OPINION

*v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler,* the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see Howard*, 2012 Ark. 177, 403 S.W.3d 38. Impeachment evidence that is material, as well as exculpatory evidence, falls within the *Brady* rule. *Bagley*, 473 U.S. 667. To determine whether the proposed attack on the judgment is meritorious so as to warrant the granting of permission to reinvest jurisdiction in the trial court to pursue a writ of error coram nobis, this court looks to the reasonableness of the allegations of the petition and to the existence of the probability of the truth of those claims. *Isom*, 2015 Ark. 225, 462 S.W.3d 662.

Smith has not demonstrated that the State withheld any evidence or otherwise violated *Brady*. The application for an error coram nobis petition must make a full disclosure of specific facts relied upon and not merely state conclusions as to the nature of such facts; a naked allegation that a constitutional right has been invaded will not suffice. *Howard v. State*, 2012 Ark. 177, at 19, 403 S.W.3d 38, 50. Smith was clearly aware of the evidence related to the gun at the time of trial, and he fails to point to any specific facts that he relies on to support his claim that the State withheld any evidence.

Smith next raises multiple claims of ineffective assistance of counsel. Claims of ineffective assistance of counsel are not cognizable in a coram-nobis proceeding. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. An error-coram-nobis proceeding is not a substitute for raising ineffective-assistance-of-counsel claims under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *White v. State*, 2015 Ark. 151, at 4–5, 460 S.W.3d 285, 288.

Finally, the State urges that relief be denied on the basis that Smith has failed to exercise due diligence in bringing a coram-nobis petition. We agree that Smith has not acted promptly in bringing his claims. Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *Philyaw v. State*, 2014 Ark. 130 (per curiam). In the absence of a valid excuse for delay, the petition will be denied. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay bringing the petition. *Id.* The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Wright v. State*, 2014 Ark. 25 (per curiam). Here, Smith waited more than seven years after the judgment of conviction was affirmed before filing this petition for coram-nobis relief. Even if Smith had presented grounds sufficient to support issuance of the writ, his failure to act with due diligence, alone, would constitute good cause to deny the petition.

Petition denied.