SLIP OPINION

Cite as 2017 Ark. 215

# SUPREME COURT OF ARKANSAS

**No.** CR–16–858

| | |
|---|---|
| BRIAN F. WARD | **Opinion Delivered** June 8, 2017 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-09-4467] |
| V. | |
| STATE OF ARKANSAS | HONORABLE HERBERT T. WRIGHT, JUDGE |
| APPELLEE | REVERSED AND REMANDED. |

**JOSEPHINE LINKER HART, Justice**

By per curiam opinion handed down on January 14, 2016, this court denied Brian F. Ward's pro se petition for a writ of error coram nobis. However, in the same opinion, this court held that Ward's sentence, fifteen years in the Arkansas Department of Correction plus fifteen years suspended imposition of sentence, was illegal. We remanded this case to the circuit court for resentencing. On remand, the circuit court imposed the same sentence and Ward appealed. He argues that the circuit court erred in refusing to follow this court's order and mandate in *Ward v. State*, 2016 Ark. 8, 479 S.W.3d 9, (*Ward I*), to sentence him on his second-degree sexual-assault conviction. We reverse and remand.

Upon remand, a sentencing hearing was held. Ward asserted that when the supreme court handed down its decision, pursuant to Arkansas Supreme Court Rule 2.3, the State had eighteen days in which to ask for a rehearing to correct any error of law or fact, and the eighteen days had elapsed without a petition for rehearing being filed. Consequently, he

argued further, the mandate rule prohibited the circuit court from deviating from the appellate court's mandate. Accordingly, the supreme court's decision that Ward's sentence cannot exceed twenty years had to be followed because of the mandate rule.

The State asserted that Ward's status as a habitual offender was acknowledged by the supreme court in its decision. It argued that, consequently, it would not be "inconsistent" for the circuit court to sentence Ward up to the maximum allowed by statute: thirty years.

The circuit court agreed with the State. It asserted that "the supreme court, with all their power, cannot change the statute." It then "remiposed" the sentence that the supreme court had held was illegal. The circuit court stated further that

> I understand there is some question about whether or not I am or am not following the supreme court's mandate. And Again, they created this problem. They're gonna have to explain what it is . . . And I may be disregarding the mandate. They're going to have to tell me that. My understanding of the mandate is I'm required to resentence him within the statutory range, and the statutory range for a Class B felony with a small habitual is five to 30 years, not five to 20 years.

On appeal, Ward argues that the circuit court erred in failing to follow the mandate. He contends that, when this court remands a case with specific instructions in its opinion, the circuit court has no jurisdiction to deviate from our mandate; the circuit court only has authority to execute the mandate. Accordingly, the circuit court may not examine our decision for any purpose. Citing *Furnas v. Kimbrell*, 2015 Ark. 148, at 9, 464 S.W.3d 116, 122, Ward argues further that when we review whether a circuit court has followed the mandate on remand, we only determine whether the circuit court followed the instructions in our opinion and the mandate and executed our instructions. *Furnas*, 2015 Ark. 148, at 9, 464 S.W.3d at 122. We agree.

2

It is obvious from the record that the circuit court looked behind our opinion in *Ward I.* This exceeded the circuit court's jurisdiction. On remand, the circuit court was vested with jurisdiction only to the extent conferred by our opinion and mandate. *Dolphin v. Wilson*, 335 Ark. 113, 983 S.W.2d 113 (1998). Under the limited jurisdiction afforded the circuit court on remand, the correctness of our prior opinion in *Ward* is not the issue. Because our mandate confers only the limited jurisdiction described previously, the circuit court did not have the power to correct any perceived error.[1] We therefore reverse and remand this case for the entry of a sentencing order that conforms with *Ward I.*

Reversed and remanded.

KEMP, C.J., and WOOD and WOMACK, JJ., dissent.

**RHONDA K. WOOD, Justice, dissenting.** The sole issue on appeal is whether the circuit court exceeded its authority when it resentenced Ward. I would hold the court did not exceed its authority; therefore, I dissent. The mandate, in its entirety, reads as follows:

> This post conviction criminal appeal was submitted to the Arkansas Supreme Court on the record of the Pulaski County Circuit Court and briefs of the respective parties. After due consideration, it is the decision of the court that the judgment of the circuit court is affirmed in part and remanded for resentencing in part for the reasons set out in the attached opinion.

It is clear to me that the mandate remanded the matter "for resentencing," which is precisely what the circuit court did in this matter. The mandate references the opinion, but

---

[1] In our review in *Ward I*, we had before us the circuit court's order stating, [T]he Defendant had *a prior* conviction for attempted capital murder in case 60CR-92-3202 and the judgment and commitment order which likewise suggested that Ward had only a "prior" conviction for attempted capital murder. To be a habitual offender under Arkansas Code Annotated section 5-4-501, a defendant had to commit more than one felony.

only for explanation of "the reasons" it was remanding. The mandate did not state the circuit court was to resentence within a certain parameter. Nor did it state the circuit court was to resentence "consistent with our opinion," language contained in the *Dolphin* case cited by the majority. *Dolphin v. Wilson*, 335 Ark. 113, 983 S.W.2d 113 (1998). *Ward I*'s mandate did not contain similar language.

Even if we take into account that the circuit court should have looked to the spirit of the opinion as some of our past decisions suggest, that would not change the result. *See Casey v. Planned Parenthood*, 14 F.3d 848, 857 (3d Cir. 1994). The opinion held that "sentencing is a matter of statute" and stated "we remand the matter to the trial court for resentencing on the second-degree sexual assault conviction." *Ward v. State*, 2016 Ark. 8, at 6, 479 S.W.3d 9, 14 (per curiam). The express language of the opinion did not set a parameter. The "spirit" of the opinion rested on the belief that Ward's sentence was illegal, a belief that even Ward does not maintain. He concedes as much in his brief:

> Appellant Ward acknowledges that in 2010, when he pleaded guilty to second degree sexual assault, this offense was a Class B felony. (Add. 6, 8; R. 26, 29) Ark. Code Ann. § 5-14-125(b)(i) (Repl. 2006). Appellant Ward committed second degree sexual assault in 2009. (Add. 2; R.3) In 2009, the maximum sentence of imprisonment for a Class B felon, enhanced as a habitual offender with more than one, but fewer than four, prior felony convictions, was thirty years. Ark. Code Ann. § 5-4-501(a)(C)(2) (Repl. 2006).

In the past, when a circuit court upon remand found that the "spirit" of the majority opinion had a faulty premise—that hairs had not been adequately retested—the circuit court explained that the testing had occurred and did not order subsequent retesting. *See Johnson v.*

*State*, 366 Ark. 390, 235 S.W.3d 872 (2006). We affirmed this decision on a subsequent appeal on the issue of exceeding the authority of the mandate. *Id*. at 395, 235 S.W.3d at 876. Likewise, the *Ward I* opinion contained a faulty premise—when determining the maximum allowable sentence, the opinion did not provide for the increased range based on Ward's plea as a habitual offender with more than one prior felony. On remand, the circuit court explained that Ward did so plead and resentenced him to a term allowed by law. The sole directive in the mandate and the opinion was for resentencing, without a mention of specific range. The spirit was to ensure Ward's sentence was legal. The circuit court's action complied with both the letter and spirit of the mandate. I would affirm.

KEMP, C.J., and WOMACK, J., join in this dissent.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.