Rhonda K. Wood, Justice, dissenting. The sole issue on appeal is whether the circuit court exceeded its authority when it resentenced Ward. I would hold the court did not exceed its authority; therefore, I dissent. The mandate, in its entirety, reads as follows: This post conviction criminal appeal was submitted to the Arkansas Supreme Court on the record of the Pulaski County Circuit Court and briefs of the respective parties. After due' consideration, it is the decision of the court that the judgment of the circuit court is affirmed in part and remanded for resen-tencing in part for the reasons set out in the attached opinion. it is clear to me that the mandate remanded the matter “for resentencing,” which is precisely what the circuit court did in this matter. The mandate references the opinion, but Ronly for explanation of “the reasons” it was remanding. The mandate did not state the circuit court was to resentence within a certain parameter. Nor did it state the circuit court was to resentence “consistent with our opinion,” language contained in the Dolphin case cited by the majority. Dolphin v. Wilson, 335 Ark. 113, 983 S.W.2d 113 (1998). Ward V s mandate did not contain similar language. Even if we take into account that the circuit court should have looked to the spirit of the opinion as some of our past decisions suggest, that would not change the result. See Casey v. Planned Parenthood, 14 F.3d 848, 857 (3d Cir. 1994). The opinion held that “sentencing is a matter of-statute” and'stated- “we remand the matter to the trial-court for resentencing on the second-degree sexual assault conviction.” Ward v. State, 2016 Ark. 8, at 6, 479 S.W.3d 9, 14 (per curiam). The express language of the opinion did not set a parameter. The “spirit” of the opinion rested on the belief that Ward’s sentence was illegal, a belief that even Ward does not maintain. He concedes as much in his brief: Appellant Ward acknowledges that in 2010, when he pleaded guilty to second degree sexual assault, this offense was a Class B felony. (Add. 6, 8; R. 26, 29) Ark. Code Ann. § 5—14—125(b)(i) (Repl. 2006). Appellant Ward committed second degree sexual assault in 2009. (Add. 2; R.3) In 2009, the maximum sentencé of imprisonment for a- Class B felon, enhanced as a habitual offender with more than one, but fewer than four, prior felony convictions, was thirty years. Ark. Code Ann. § 5-4-501(a)(C)(2) (Repl. 2006). In the past, when a circuit court upon remand found that the “spirit” of the majority opinion had a faulty premise—that ■hairs had not been adequately retested— the circuit court explained that the testing had occurred and did not order subsequent retesting. See Johnson v. State, 366 Ark. 390, 235 S.W.3d 872 (2006). We affirmed this decision on a subsequent appeal on the issue of exceeding the authority of the mandate. Id. at 395, 235 S.W.3d at 876. Likewise, the Ward I opinion contained a faulty premise—when determining the maximum allowable sentence, the opinion did not provide for the increased range based on Ward’s plea as a habitual offender with more than one prior felony. On remand, the circuit court explained that Ward did so plead and resentenced him to a term allowed by law. The sole directive in the mandate and the opinion was for resentencing, without a mention of specific range. The spirit was to ensure Ward’s sentence was legal. The circuit court’s action complied with both the letter and spirit of the mandate. I would affirm. Kemp, C.J., and Womack, J., join in this dissent.