COURTNEY HUDSON GOODSON, Associate Justice
Petitioner Marlon Glenn Hallman asks this court to reinvest jurisdiction in the trial court so that he may proceed with a petition for writ of error coram nobis and to recall the mandate in his direct appeal. Hallman contends that his conviction for kidnapping was invalid and the sentence on that conviction was an illegal sentence that the trial court was without authority to impose. Hallman also filed a petition requesting permission to proceed as a pauper in the matter. Although Hallman's sentence for kidnapping is illegal and void, we deny his request to proceed with a petition for the writ, and we do not reinvest jurisdiction in the trial court or recall the mandate. However, we grant a part of the relief that Hallman requests by holding that the judgment is void to the extent that it imposed a sentence for the charge of kidnapping. The petition for leave to proceed as a pauper is moot.
Hallman and his codefendants, Tywanna Faye Martin and Henry Jewel Harris, were tried together on charges that the three of them, along with a fourth codefendant who was tried separately, had kidnapped Calvin Earl Smith from a restaurant in Little Rock, beat him, and then drowned him in the Arkansas River. Hallman and Martin were both convicted of capital murder and kidnapping, and each received sentences of life imprisonment without parole for capital murder and twenty years for kidnapping. Hallman and Martin filed a joint appeal, and this court affirmed the judgment. Hallman v. State , 264 Ark. 900, 575 S.W.2d 688 (1979).
In the instant petition to reinvest jurisdiction, Hallman would have this court allow him to file a petition in the trial court seeking the writ of error coram nobis, or recall the mandate so that the trial court might conduct new sentencing proceedings, based on his claim that his kidnapping sentence was illegal and the judgment was facially invalid as to that conviction. He appears to wish this court to issue a new mandate that would affirm the judgment only for the murder conviction and void the judgment as to the kidnapping conviction.
Hallman indicates, correctly, that this court has previously considered this same issue concerning his codefendant Martin's request to proceed with a petition under Arkansas Rule of Criminal Procedure 37.1 (Repl. 1977 & Supp. 1979). Martin v. State , 277 Ark. 175, 639 S.W.2d 738 (1982)
*307 (per curiam). In that case, we determined that the lesser offense was subsumed by the capital-murder conviction, and we set aside the kidnapping conviction as void. Id. Hallman cites Ward v. State , 2016 Ark. 8, 479 S.W.3d 9 (per curiam) in support of his position that the writ should issue if the petitioner shows that the trial court acted outside its subject-matter jurisdiction.
Hallman has misconstrued that case, in that it affirmed the denial of a petition for the writ. The writ will lie only to correct errors of fact and not errors of law, and the appropriate remedy under the writ is a new trial. See Smith v. State , 200 Ark. 767, 140 S.W.2d 675 (1940). The appellant in Ward had raised the issue of an illegal sentence for the first time on appeal, and this court addressed the issue because it was one to be treated as a question of subject-matter jurisdiction. 2016 Ark. 8, 479 S.W.3d 9. This court may address a question of an illegal sentence sua sponte. Harness v. State , 352 Ark. 335, 101 S.W.3d 235 (2003). Such an issue, which is jurisdictional in nature, can be addressed at any time. Bell v. State , 2017 Ark. 231, 522 S.W.3d 788. Hallman has not stated a basis that would justify coram nobis proceedings in the trial court, or even shown a need for resentencing proceedings. He has, however, demonstrated that the judgment, to the extent that it reflects his conviction for kidnapping, is facially invalid.
While the State does not directly concede the point, it acknowledges in its brief that this court held in Martin that the applicable statute-which, despite the lack of an appropriate concession, is precisely the same statute that is applicable in this case-did not authorize the trial court to sentence the defendant for both kidnapping and capital murder.[1] 277 Ark. 175, 639 S.W.2d 738. As we explained in Martin , when a criminal offense by definition includes a lesser offense, a conviction cannot be had for both offenses under Arkansas Statutes Annotated section 41-105(1)(a) (Repl. 1977). Id. at 176, 639 S.W.2d at 739 (citing Swaite v. State , 272 Ark. 128, 612 S.W.2d 307 (1981) ). This court has an obligation to correct an apparent illegal sentence. See Smith v. Kelley , 2016 Ark. 307, 2016 WL 4919890. Hallman's conviction for kidnapping is set aside as void, although the conviction and sentence for capital murder is not disturbed.[2]
As the State notes in its brief, Hallman's desire to have the trial court correct the judgment filed in that court to reflect that his kidnapping conviction is void is one that he may pursue more directly *308 through a petition under Arkansas Code Annotated section 16-90-111 (Repl. 2016). He may do so without this court reinvesting jurisdiction in the trial court to do so or recalling the mandate in his direct appeal. The general rule is that if the original sentence is illegal, even though partially executed, the sentencing court may correct it. Bangs v. State , 310 Ark. 235, 835 S.W.2d 294 (1992). In addition, section 16-90-111 specifically states that illegal sentences may be corrected at any time. Id. We need not defer to the trial court, as the State suggests, to make the determination that the sentence is illegal, however. Whether the judgment is facially illegal is a matter of law, and it is not a question of fact best resolved through the trial court's determination.
Petition to reinvest jurisdiction and to recall the mandate denied; kidnapping sentence void; petition for leave to proceed in forma pauperis moot.

The legislature later amended the controlling statutes to authorize sentencing on both the charged felony and the underlying felony. See Ark. Code Ann. § 5-1-110(d)(1)(A) (Repl. 2013); Walker v. State , 353 Ark. 12, 110 S.W.3d 752 (2003).

The State argues that a lack of diligence on Hallman's part is sufficient reason to deny Hallman coram nobis relief. As noted, the relief sought here is not relief appropriate for issuance of the writ, where diligence is a factor. As this court noted in Martin , the claim Hallman makes in this case, that his sentence is illegal, is a claim that may be considered by this court at any time through a request for postconviction relief. 277 Ark. 175, 639 S.W.2d 738. The rules of procedure applicable to Hallman's conviction require the petitioner to request permission from the court before proceeding in the trial court, but there is no time limit when the relief alleged would render the judgment void, as it does here. Ark. R. Crim. P. 37.2(c) (Repl. 1977 & Supp. 1979). As previously noted, this type of issue may be addressed by this court at any time regardless of the proceedings, and although Hallman does not request permission to pursue Rule 37 relief, he does directly raise the issue of an illegal sentence. His delay in doing so does not bar relief.