Cite as 2018 Ark. 396

# SUPREME COURT OF ARKANSAS

No. CR-07-277

| | |
|---|---|
| JIMMY SMITH <br><br> **PETITIONER** <br><br> V. <br><br> STATE OF ARKANSAS <br><br> **RESPONDENT** | Opinion Delivered December 20, 2018 <br><br> PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS <br> [PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION, NO. 60CR-06-1007] <br><br> <u>PETITION DENIED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Jimmy Smith was found guilty by a jury in 2006 of first-degree murder in the death of Corte Beavers. He was sentenced as a habitual offender to 720 months' imprisonment, and the Arkansas Court of Appeals affirmed. *Smith v. State*, CR-07-277 (Ark. App. Feb. 6, 2006) (unpublished) (original docket no. CACR07-277). Smith subsequently filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2006), which was denied. Smith appealed the order of denial, and the appeal was dismissed. *Smith v. State*, 2010 Ark. 122 (per curiam). Smith then filed in this court his pro se first petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, which this court denied. *Smith v. State*, 2016 Ark. 17, 479 S.W.3d 550 (per curiam). Now before us is Smith's pro se second

petition to reinvest jurisdiction with the trial court to consider a petition for writ of error coram nobis. Because Smith has failed to demonstrate in the petition that the writ should issue and several of his claims are successive, the petition is denied.

The trial court cannot entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless this court grants permission. *Wooten v. State*, 2018 Ark. 198, 547 S.W.3d 683. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Wooten*, 2018 Ark. 198, 547 S.W.3d 683. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id*. A court is not required to accept the allegations

2

in a petition for writ of error coram nobis at face value. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

Smith contends that he has suffered a variety of defects in the proceedings in his case, including "*Brady v. Maryland*, 373 U.S. 83 (1963), violations of witnesses who did not connect [Smith] to any part of what allegedly occurred on or about November 9, 2005[,]" and that any connection made to him was by an unreliable witness, Brenda Gonzalez. Smith also argues that the prosecutor never revealed his prior convictions to the jury to support his habitual-offender status, amounting to an illegal conviction. Smith contends that because his Rule 37.1 petition was dismissed on appeal, he was precluded from raising any ineffective-assistance-of-counsel claims for collateral review in violation of *Martinez v. Ryan*, 566 U.S. 1, (2012).[1]

---

[1]Smith titled his petition as one seeking a motion to recall the mandate in his direct appeal as well as one in coram nobis proceedings. Smith cites legal precedent that pertains to both coram nobis proceedings and motions to recall the mandate regarding all of his claims—contending "[a] defect within the breakdown of the proceedings have occurred within this case[.]" Motions to recall the mandate and coram nobis proceedings are not interchangeable. Motions to recall the mandate have been consistently considered by this court in criminal cases only when the death penalty has been imposed, and motions to recall the mandate in those cases are judged by criteria particular to that cause of action. *See Ward v. State*, 2015 Ark. 61, 455 S.W.3d 818. Smith was sentenced to a term of years, does not allege a defect in the appellate process, and fails to allege the dismissal of proceedings in federal court because of unexhausted state-court claims. *See Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003). Smith fails to present any grounds in his "combined" petition for which this court would consider the extraordinary circumstances that would permit reopening the case through recalling the mandate in Smith's direct appeal. Furthermore, to the extent Smith argued he was entitled to recall the mandate in his postconviction proceedings on appeal, no mandate issued to be recalled.

Smith claims that he suffered a *Brady* violation. To establish a *Brady* violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. When a petitioner alleges a *Brady* violation as the basis for his or her claim of relief in coram nobis proceedings, the facts alleged in the petition must establish that there was evidence withheld that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. *Id.* Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.* Clearly, Smith's witness claim is not a *Brady* claim but rather a challenge to the sufficiency of the evidence. That claim, as well as the claim that the unreliable testimony of Brenda Gonzalez was used to convict him and that he was prevented from raising his ineffective-assistance-of-counsel claims, was previously raised in Smith's pro se first petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. *Smith*, 2016 Ark. 17, 479 S.W.3d 550. This court noted that Smith's allegation regarding Gonzalez was a challenge to the witness's credibility and the overall sufficiency of the evidence that was not cognizable in a coram nobis proceeding; that *Martinez* does not require the court to expand the scope of a coram nobis proceeding to permit a collateral challenge based on claims of ineffective assistance of counsel; that Smith failed to make a full disclosure of specific facts relied upon as to the

4

nature of any material evidence withheld; and that Smith's claims of ineffective assistance of counsel were not cognizable in a coram nobis proceeding. *Id.* Because Smith again raises these same issues without additional facts, we hold that these arguments constitute an abuse of the writ. *Smith v. State*, 2018 Ark. 37, *reh'g denied* (March 29, 2018). Accordingly, this court will not again address those issues.

Smith, however, raises one issue that he has not previously raised—the prosecutor's alleged failure to reveal Smith's prior convictions to the jury to support his habitual-offender status, resulting in an illegal conviction. Smith's claim does not fit within the recognized categories for coram nobis relief and does not otherwise provide a basis for the issuance of this extraordinary writ. To merit coram nobis relief, the petitioner must show a fundamental error of fact extrinsic to the record that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Carner*, 2018 Ark. 20, 535 S.W.3d 634. To warrant coram nobis relief, the defendant must be unaware of the fact at the time of trial and could not have discovered the fact in the exercise of due diligence. *See Echols v. State*, 354 Ark. 414, 125 S.W.3d 153 (2003). Smith does not establish the existence of facts that could not have been discovered at the time of trial. *See Munnerlyn v. State*, 2018 Ark. 161, 545 S.W.3d 207.

Petition denied.

5