SHAWN A. WOMACK, Associate Justice
Petitioner Tommy R. Mosley brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in his criminal case. As the petition is without merit, and Mosley failed to act with due diligence in bringing it, the petition is dismissed. Mosley also seeks by motion to file a "noncompliant brief/response" and for extension of time. The motion is a request to file a response to the State's response to Mosley's coram nobis petition. As there is no provision in the prevailing rules of procedure to file a response to a response, and Mosley has not stated good cause to file a response to a response, the motion is denied.
I. Background
Mosley was convicted in 1995 of rape and sentenced as a habitual offender to life imprisonment. This court affirmed. Mosley v. State , 323 Ark. 244, 914 S.W.2d 731 (1996). In 1998, Mosley filed his first coram nobis petition here, which we denied. Mosley v. State , 333 Ark. 273, 968 S.W.2d 612 (1998) (per curiam). In this second petition, he alleges that (1) he was denied effective assistance of counsel; (2) he was not afforded a hearing by this court or the federal courts on his claims of ineffective assistance of counsel and thus he was unable to establish that he was actually innocent of rape; (3) the evidence adduced at trial did not support the judgment; and (4) the defense was prejudiced by the State's withholding of the victim's description of a vehicle accident that occurred on the day of the offense. The State, in addition to asserting that Mosley has failed to state a ground for the writ, also suggests that the petition should be dismissed for lack of diligence in bringing the claims approximately twenty-two years after he was convicted and approximately nineteen years after his first coram nobis petition was denied.
Mosley's petition for leave to proceed in the trial court is necessary because the trial court cannot entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless this court grants permission. Newman v. State , 2009 Ark. 539, 354 S.W.3d 61. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Id. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771. The writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. A writ of error coram nobis is available for addressing errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the *58 time between conviction and appeal. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38.
In making the determination of whether the writ should issue, this court looks to the reasonableness of the allegations in the petition and to the existence of the probability of the truth thereof. Id. A writ of error coram nobis is an extraordinarily rare remedy. State v. Larimore , 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Westerman v. State , 2015 Ark. 69, 456 S.W.3d 374.
II. Ineffective Assistance of Counsel
Mosley argues at length throughout the petition that he was denied effective assistance of counsel, that he has never been allowed a full hearing on his ineffective-assistance-of-counsel allegations, that he has never had the opportunity to be represented by an attorney in bringing his ineffective-assistance-of-counsel claims in state or federal court, and that the federal courts erred in ruling on his ineffective-assistance-of-counsel claims. He further argues that Martinez v. Ryan , 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) and Trevino v. Thaler , 569 U.S. 413, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), and the progeny of those cases, dictate that he was entitled to appointment of counsel in his court challenges to his conviction on the ground of ineffective assistance of counsel. The arguments do not fit within the purview of a coram nobis action.
We have repeatedly held that ineffective-assistance-of-counsel is not a ground for the writ. Green v. State , 2016 Ark. 386, 502 S.W.3d 524 ; White v. State , 2015 Ark. 151, 460 S.W.3d 285. The United States Supreme Court's rulings in Martinez and Trevino do not pertain to coram nobis proceedings. Claims of ineffective assistance of counsel are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1, and a petition for writ of error coram nobis is not a substitute for that remedy. Mason v. State , 2014 Ark. 288, 436 S.W.3d 469 (per curiam). A coram nobis action is also not a means to challenge a federal court's ruling on ineffective-assistance-of-counsel claims.
III. Sufficiency of the Evidence to Sustain the Judgment
Mosley's claim that the evidence adduced at his trial was insufficient to prove that he was guilty of rape is not a ground for the writ. Challenges to the sufficiency of the evidence constitute a direct attack on the judgment and are not cognizable in a coram nobis proceeding. Grady v. State , 2017 Ark. 245, 525 S.W.3d 1. Allegations that the evidence presented at trial was not sufficient to support a finding of the defendant's guilt are issues to be addressed at trial, and, when appropriate, on the record on direct appeal. Jackson v. State , 2017 Ark. 195, 520 S.W.3d 242.
IV. Evidence Withheld by the State
It is a violation of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and a ground for the writ if the defense was prejudiced because the State wrongfully withheld evidence from the defense prior to trial. The Court held in Brady that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. 1194. There are three elements of a Brady violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or *59 because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. Strickler v. Greene , 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). When determining whether a Brady violation has occurred, it must first be established by the petitioner that the material was available to the State prior to trial and the defense did not have it. Cloird v. State , 357 Ark. 446, 182 S.W.3d 477 (2004).
Mosley alleges that the State did not disclose prior to trial that the victim had denied that an accident had occurred to the vehicle that he was driving when he and the victim traveled to the place where the two engaged in intercourse. He contends that "Mosley's vehicle is the DNA that proves Mosley innocent" and that the "vehicle in Mosley's case disproves the underlying kidnapping." Mosley contended at trial, and on direct appeal, that the State failed to prove that the sex was not consensual. Mosley asserts that, if he could have shown that his car was dented, it would have discredited the victim's testimony, presumably about other matters. It appears that Mosley is contending that the victim did not mention the accident in her testimony until after she learned that the car had been dented and thus her testimony was shown to be unreliable. While Mosley alleges that the victim in a pretrial statement had denied that the accident happened, he does not say when he learned that the State had concealed the statement or otherwise provide any factual substantiation for the claim that it did so.
Mosley has not established a Brady violation. He has offered no support for the claim that the pretrial statement was withheld, and allegations without any factual basis to establish the Brady violation are not a ground for the writ. Id. The burden is on the petitioner in an application for a writ of coram nobis to make a full disclosure of specific facts that substantiate the merit of a Brady claim. Grady , 2017 Ark. 245, 525 S.W.3d 1.
Significantly, Mosley faults his trial attorneys for "suppression" of information about the accident and for not proffering the information to the court at trial, apparently because he considered the conflict in his and the victim's testimony about whether there was an accident to be important. The crux of the matter at issue, however, was whether Mosley forced the victim to have sex; that is, the State charged that the victim was forcibly raped, while the defense argued that the sex had been consensual. The opinion on direct appeal refers to the victim's graphic description of the act and medical testimony of her injuries, concluding that there was substantial evidence to prove forcible compulsion. Even if Mosley could have established that his car was dented at some point and the victim had denied that fact in a pretrial statement, Mosley has not established that the outcome to the proceeding with respect to whether he had committed rape would have been different. In short, the Brady claim also fails because Mosley does not establish with facts either that the State withheld the statement or that the defense suffered prejudice from the withholding of the statement. A petitioner alleging a Brady violation must be able to show that he suffered prejudice as the result of the suppression of evidence. Howard , 2012 Ark. 177, 403 S.W.3d 38.
V. Due diligence
The State is correct in its contention that Mosley has failed to exercise due diligence in bringing this second coram nobis petition. We have consistently held that due diligence is required in making an application for coram nobis relief, and in the absence of a valid excuse for *60 delay, the petition can be denied on that basis alone. Green v. State , 2016 Ark. 386, 502 S.W.3d 524. This court will itself examine the diligence requirement and deny a petition where it is evident that a petitioner failed to proceed diligently. Roberts , 2013 Ark. 56, 425 S.W.3d 771. Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, the defendant did not delay bringing the petition. Scott v. State , 2017 Ark. 199, 520 S.W.3d 262.
As stated, the instant petition was brought approximately twenty-two years after Mosley was convicted and approximately nineteen years after his first coram nobis petition was denied. Even if the allegations contained in the petition had merit, Mosley offers no explanation for why he delayed in bringing the claims.
Petition dismissed; motion denied.
Hart, J., concurs.
Josephine Linker Hart, Justice, concurring.
I agree that Mr. Mosley's petition should be dismissed. I write separately because the majority's "due-diligence" finding is inconsistent with the purposes of a writ of error coram nobis. The function of the writ is to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. See, e.g. , Howard v. State , 2012 Ark. 177, 403 S.W.3d 38.
I acknowledge that the State has an important interest in the finality of judgments, and, as this court has often said, error coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Id. Accordingly, the requirements for issuing a writ should be substantial. However, the State of Arkansas has no legitimate interest in keeping a wrongly convicted person in prison.
It is proper that the writ is issued only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. This court has held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Id. at 4, 403 S.W.3d at 42-43 (internal citations omitted). Further, the Howard court noted that [t]his court will grant permission for a petitioner to proceed in the trial court with a petition for writ of error coram nobis only when it appears the proposed attack on the judgment is meritorious. In making such a determination, we look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. Id. at 5, 403 S.W.3d at 43 (quoting Flanagan v. State , 2010 Ark. 140, at 1, 2010 WL 987049 (per curiam) ). Superimposing a requirement that the petitioner act with "due diligence" to this already dauntingly difficult burden simply does not serve justice. Finally, "due diligence" is apparently not a barrier to this court reinvesting jurisdiction in the trial court when we find an issue compelling. Consider the companion cases of Strawhacker v. State , 2016 Ark. 348, 500 S.W.3d 716, and Pitts v. State , 2016 Ark. 345, 501 S.W.3d 803, where this court reinvested jurisdiction in the trial court to consider the effect of repudiated trial testimony of FBI lab technician Michael Malone, *61 a forensic hair analyst. When their petitions were filed in 2016, Pitts had been incarcerated since 1981 and Strawhacker since 1990.
I concur.