Cite as 2019 Ark. 279

# SUPREME COURT OF ARKANSAS

No. CR-08-151

| | |
|---|---|
| SHEQUITA L. JOINER <br> PETITIONER | **Opinion Delivered** October 17, 2019 |
| V. <br><br> STATE OF ARKANSAS <br> RESPONDENT | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [COLUMBIA COUNTY CIRCUIT COURT, NO. 14CR-06-211] |
| | PETITION DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Shequita L. Joiner was convicted by a Columbia County Circuit Court jury of aggravated robbery and theft of property for which she was sentenced to an aggregate term of 480 months' imprisonment. The Arkansas Court of Appeals affirmed. *Joiner v. State*, CACR-08-151 (Ark. App. June 18, 2008) (unpublished). Petitioner now brings this pro se petition to reinvest jurisdiction in the trial court so that she may file a petition for writ of error coram in her criminal case. Joiner contends that she was represented by a public defender who was the brother-in-law of the prosecutor in her case, which resulted in a conflict of interest; that the lead investigator in the case, who "is part of the prosecutor team[,]" withheld material evidence from the jury; and the prosecutor misrepresented the testimony of a witness who should have been charged as an accomplice. Because we find that Joiner's claims do not establish a ground for the writ, the petition is denied.

## I. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

## II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

III. *Claims for Issuance of the Writ*

A. Conflict of Interest

Joiner contends there was a conflict of interest between her trial counsel and the prosecutor because they were related, as brothers-in-law, in violation of Rule 1.8(l) of the Arkansas Rules of Professional Conduct.[1] The claim is not one that falls within the recognized categories for coram nobis relief and does not otherwise provide a basis for issuance of this extraordinary writ. *See generally Smith v. State*, 2018 Ark. 396, 562 S.W.3d 211. With regard to claims involving counsel operating under a conflict of interest, we have held that those are ineffective-assistance-of-counsel claims, which are outside the purview of a coram nobis proceeding. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852.

B. Claims Involving Lead Investigator

Joiner further contends that the lead investigator, Truman Young, withheld material evidence from the jury. Specifically, Joiner argues that (1) Young failed to let the jury know that Rachel Cole, an accomplice, had threatened Darlene Mask, another witness, because she had told the police about the robbery; (2) that he failed to tell the jury that Cole admitted committing the robbery and that was her reason for threatening Mask; (3) that he failed to tell the jury that the State's witnesses' testimony was contradicted by the physical evidence and the evidence was purely circumstantial; and (4) that he failed to the tell the jury he

---

[1]A lawyer related to another lawyer as parent, child, sibling or spouse shall not represent a client in a representation directly adverse to a person whom the lawyer knows is represented by the other lawyer except upon informed consent by the client, confirmed in writing.

knew Joiner did not possess a sawed-off shotgun, did not know the location of the Lakeside Water Association, and could not have been able to plan and carry out the robbery. Joiner's claims fail to establish a *Brady v. Maryland* violation. 373 U.S. 83 (1963).

It is a violation of *Brady*, and a ground for the writ, if the defense was prejudiced because the State wrongfully withheld evidence from the defense prior to trial. *Mosley v. State*, 2018 Ark. 152, 544 S.W.3d 55. The Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263 (1999). When determining whether a *Brady* violation has occurred, it must first be established by the petitioner that the material was available to the State prior to trial and the defense did not have it. *Mosley*, 2018 Ark. 152, 544 S.W.3d 55.

The claims as raised by Joiner regarding evidence withheld by Young are ones in which she contends that evidence was withheld from the jury—not the defense—which do not establish a *Brady* violation. Joiner has failed to demonstrate that the State withheld evidence, that the defense suffered prejudice, or that there was an error of fact extrinsic to the record.

## C. Claims Against the Prosecutor

Joiner contends that the prosecutor committed misconduct by mispresenting the testimony of Cole to the jury as a witness instead of charging Cole as an accomplice. Joiner further contends that she was not advised that Cole became a confidential informant in exchange for the dismissal of her aggravated-robbery charge when trial counsel had merely advised Joiner that Cole had taken a plea deal. Joiner claims that the State's case was dependent entirely on Cole's and Mask's testimony, and when the reliability of a given witness is determinative of guilt or innocence, "non-disclosure of evidence affecting credibility of that witness justifies a[] new trial." While it appears that Joiner's allegation purports to be a *Brady* violation and falls within one of the four categories of fundamental error that this court has recognized, Joiner's claim does not support coram nobis relief.

A coram nobis proceeding is not a means to merely contradict a fact already adjudicated in a trial court. *Travis v. State*, 2017 Ark. 178, 519 S.W.3d 304. Allegations of prosecutorial misconduct that could have been raised at trial, including an allegation that the prosecutor failed to disclose information known at the time of trial, do not warrant coram nobis relief. *Id.*; *see Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49.

The evidence Joiner contends was withheld by the prosecution about Cole's status as an accomplice was brought out at trial. It was clear that she had been charged with the same offenses of aggravated robbery and theft of property as an accomplice. Cole testified that she had been advised by her counsel to testify and to tell the truth and that she had an expectation that her testimony would help her with her case. Cole's status as an accomplice and her testimony in exchange for favorable treatment in her own case was a fact known at

the time of trial. *See Williams v. State*, 2017 Ark. 313, 530 S.W.3d 844. The distinction that Joiner attempts to make regarding the circumstances under which Cole made arrangements for Cole's charges—whether by plea bargain for testifying in Joiner's case or for being a confidential informant in other unrelated cases[2]—is of no moment, as the fact that Cole was testifying with the understanding that she may or may not receive any benefit for her testimony was presented at the time of trial. It is therefore evident that these claims are not extrinsic to the record, and Joiner has failed to demonstrate that she is entitled to coram nobis relief. *See Roberts*, 2013 Ark. 56, 425 S.W.3d 771.

Simply put, Joiner fails to demonstrate a *Brady* violation occurred. Joiner did not show that Cole's status as a confidential informant in unrelated cases was evidence that would have been exculpatory to Joiner, and Joiner fails to demonstrate that any prejudice ensued. Even when a petitioner in a coram nobis proceeding can factually support a claim that evidence was withheld from the defense, the court must weigh the significance of the information that was alleged to have been concealed from the defense against the totality of the evidence to determine if the hidden information or evidence at issue would have prevented rendition of the judgment had the existence of that material been known at the time of trial. *See Goins v. State*, 2018 Ark. 312, 558 S.W.3d 872. There was testimony from several witnesses that Joiner told them about the aggravated robbery and theft of property, including that she held a sawed-off shotgun on the clerk at the water office and took the clerk's car; that she should have killed the clerk; and that she took the clerk's keys and cell

---

[2]Cole testified at trial as a State witness in *Hunter v. State*, 2017 Ark. App. 256, 522 S.W.3d 793, and *Turner v. State*, 2011 Ark. 111, 380 S.W.3d 400, after she allegedly made controlled buys for law enforcement in 2007.

phone. The victim's car, along with cash from the register drawer, was found a short distance from the water office, and some of the victim's personal items were found behind Cole's house. Joiner has failed to state sufficient allegations to satisfy issuance of the writ.

Petition denied.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** Shequita Joiner has adequately stated a *Brady* violation, and we should reinvest jurisdiction with the circuit court for a hearing on her claim.

The writ of error coram nobis is available to address a *Brady* violation. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory *or because it is impeaching*; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263 (1999). When the inculpatory evidence in the prosecution's case against the defendant turns on witness testimony, the withholding of evidence that would affect the credibility of that witness testimony meets this standard, and the defendant should receive a new trial. *Giglio v. United States*, 405 U.S. 150, 154 (1972) ("When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general rule.") (internal citations omitted).

The theory of the prosecution's case against Joiner was that Rachel Cole drove Joiner to the Lakeside Water Association office where Joiner went in, held a sawed-off shotgun on the clerk, and stole various items, including the clerk's car. Cole testified for the prosecution

against Joiner in exchange for what Joiner understood at the time to be a "plea-bargain" for a lesser sentence. Joiner has since learned that Cole did not just receive a lesser sentence—she received no sentence at all.

The difference between Cole's receiving a plea bargain for a lesser sentence and Cole's receiving a wholesale dismissal of all potential charges against her is no small thing. The members of the jury should have been fully informed about this arrangement—especially since the State's case against Joiner was built on Cole's testimony—so that they could appropriately assess Cole's credibility. This is particularly true when there was evidentiary support for the theory that it was Cole, and not Joiner, who entered the building and robbed the victim while threatening her with the sawed-off shotgun. By the prosecution's theory of the case, the person who held the sawed-off shotgun on the victim was the same person who stole the victim's car and other items; and as the majority notes, the victim's personal items were found behind Cole's house. The record currently before this court certainly does not indicate that the case against Joiner as the gunwoman was any stronger than the case against Cole would have been. In other words, even if the jury still believed Joiner was involved in the theft, a fully developed cross-examination of Cole may have been the difference on the aggravated-robbery charge.[3] Ark. Code Ann. § 5-12-103(a) (Repl. 2013) provides as follows:

> (a) A person commits aggravated robbery if he or she commits robbery as defined in § 5-12-102, and the person:

_____

[3]An accomplice-liability question would still remain, but on the record currently before this court, Joiner has adequately supported her claim to show a reasonable probability of a different outcome had she been able to flesh out the arrangement between Cole and the State.

8

(1) Is armed with a deadly weapon;

(2) Represents by word or conduct that he or she is armed with a deadly weapon; or

(3) Inflicts or attempts to inflict death or serious physical injury upon another person.

The jury could not properly assess Cole's credibility without being fully informed of her arrangement with the State to have her charges dismissed in exchange for her testimony against Joiner. This was prejudicial to Joiner, and we should reinvest jurisdiction in the circuit court for a hearing to determine whether a new trial is warranted.

I dissent.

*Shequita L. Joiner*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for respondent.