Cite as 2020 Ark. 126
# SUPREME COURT OF ARKANSAS
No. CR–08–151

| | |
|---|---|
| SHEQUITA L. JOINER<br>PETITIONER | **Opinion Delivered:** April 2, 2020 |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; MOTION FOR APPOINTMENT OF COUNSEL [COLUMBIA COUNTY CIRCUIT COURT, NO. 14CR-06-211] |
| | PETITION DENIED; MOTION DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Shequita L. Joiner was convicted by a Columbia County Circuit Court jury of aggravated robbery and theft of property for which she was sentenced to an aggregate term of 480 months' imprisonment. The Arkansas Court of Appeals affirmed. *Joiner v. State*, CACR08-151 (Ark. App. June 18, 2008) (unpublished). Petitioner now brings this pro se second petition to reinvest jurisdiction in the trial court so that she may file a petition for writ of error coram nobis in her criminal case. Joiner contends that the lead investigator in the case withheld evidence from the defense and failed to notify the defense regarding primary pieces of evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Because

we find that Joiner's claims do not establish a ground for the writ, the petition is denied.[1]

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

---

[1]Because there is no basis on which to issue the writ, Joiner's pro se motion for appointment of counsel is denied.

2

While *Brady* violations come within the purview of coram nobis relief, the fact that a petitioner alleges a *Brady* violation is not, in itself, sufficient to provide a basis for the writ. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767. It is a violation of *Brady*, and a ground for the writ, if the defense was prejudiced because the State wrongfully withheld evidence from the defense prior to trial. *Mosley v. State*, 2018 Ark. 152, 544 S.W.3d 55. The *Brady* Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. The rule set out in *Brady* also encompasses evidence known only to police investigators and not to the prosecutor. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. Joiner's previous petition did not meet the above-cited standards for coram nobis relief.

Joiner contends in her most recent coram nobis petition that Rachel Cole was "presented to the jury as a State's witness and also having been charged with the same offenses as an accomplice." Joiner also contends that she was advised by trial counsel that Cole had taken a plea bargain. Joiner fails to state a cognizable ground for the writ.

Joiner concedes that Cole was not only a witness but also an accomplice. She presents no cognizable claim for coram nobis relief and, in fact, makes an inapposite claim that no evidence was withheld. Although Joiner's present claim contradicts the accomplice claim

raised in her previous request to reinvest jurisdiction, Joiner's contention appears to now be a correct recitation of the events as they occurred at the trial. "Cole's status as an accomplice and her testimony in exchange for favorable treatment in her own case was a fact known at the time of trial." *Joiner v. State*, 2019 Ark. 279, at 6, 585 S.W.3d 161, 166. Joiner has failed to argue, much less establish, that the State withheld evidence. *Hutcherson v. State¸* 2019 Ark. 318, 587 S.W.3d 204.

Joiner's claim concerning Cole's plea bargain was raised—and addressed by this court—in the first coram nobis proceeding. A successive application for coram nobis relief is an abuse of the writ if the petitioner alleges no fact sufficient to distinguish his or her claims in a successive petition from the claims in a prior petition. *Jackson*, 2017 Ark. 195, 520 S.W.3d 242. A court has the discretion to determine whether the renewal of a petitioner's application for the writ, even if there are additional facts presented in support of the same grounds, will be permitted.

When denying the first petition to reinvest jurisdiction, this court noted that

> [t]he distinction that Joiner attempts to make regarding the circumstances under which Cole made arrangements for Cole's charges—whether by plea bargain for testifying in Joiner's case or for being a confidential informant in other unrelated cases—is of no moment, as the fact that Cole was testifying with the understanding that she may or may not receive any benefit for her testimony was presented at the time of trial. It is therefore evident that these claims are not extrinsic to the record, and Joiner has failed to demonstrate that she is entitled to coram nobis relief.

*Joiner*, 2019 Ark. 279, at 6, 585 S.W.3d at 166 (footnote omitted). Joiner did not establish a basis for issuance of the writ in her first petition, and her reassertion of essentially the same claim in the instant petition is a misuse of the remedy.

4

Notwithstanding Joiner's claim that the prosecutor withheld evidence, she raises additional claims that, although substantially the same as those raised in her first petition, differ. In lieu of contending that the lead investigator, Truman Young, withheld material evidence from the *jury*, Joiner now argues that Young withheld material evidence from the *defense* regarding threats made by Cole to Darlene Mask, a witness, Cole's admission that she committed the robbery, and that the State's witnesses' testimony was contradicted by the physical evidence.[2] Joiner further argues that Young failed to "testify and notify the defense" that she did not possess a sawed-off shotgun, that she had no way of knowing where the Lakeside Water Association was located, and that Young wrote letters to her that she gave to the trial judge.[3] Joiner's claims fail to establish a *Brady* violation.

To warrant coram nobis relief, the defendant must have been unaware of the fact alleged to have been unknown to the trial court at the time of trial. *Heffernan v. State*, 2017 Ark. 177, 519 S.W.3d 311. In the majority of Joiner's claims, the evidence she alleges was withheld by Young is evidence of which she, as the defendant, would have had personal knowledge—whether she possessed a sawed-off shotgun and knew the location of the

---

[2]This court denied Joiner relief on her first petition, finding that the claims she raised regarding evidence withheld by Young are ones in which she contended that evidence was "withheld from the jury—not the defense—which do not establish a *Brady* violation." *Joiner*, 2019 Ark. 279, at 5, 585 S.W.3d at 165.

[3]The letters that Joiner references are extrinsic to the record and were written after she was tried. The letters could not have been withheld prior to trial because they did not exist at the time and cannot be the subject of a *Brady* violation. *Mosley*, 2018 Ark. 152, 544 S.W.3d 55.

Lakeside Water Association.[4] In other words, Joiner would have been aware of the facts at the time of trial that she now alleges were withheld by Young. Joiner's claim does not meet the threshold requirements of a *Brady* violation such as to have prevented rendition of the judgment.

Regarding Joiner's claim that Young failed to disclose Cole's admission that she committed the robbery, Joiner points to no specific evidence that Cole admitted sole involvement in the crime and offers only her own self-serving statement in support of her claim. Joiner's claim does not meet the threshold requirements of a *Brady* violation that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. *Carner*, 2018 Ark. 20, 535 S.W.3d 634. Nevertheless, Cole was charged with the same offenses of aggravated robbery and theft of property and testified at trial. *Henington v. State*, 2017 Ark. 111, 515 S.W.3d 577 (noting that a coram nobis proceeding is not a forum for a petitioner to relitigate issues).

Joiner's claim that Young failed to disclose that the State's witnesses' testimony was contradicted by the physical evidence is not a cognizable claim under the writ. A claim

---

[4]Joiner's claim that Cole made threats against Mask after Mask reported the robbery is a claim that was raised in Joiner's pro se first petition to reinvest jurisdiction in the trial court. *See Joiner*, 2019 Ark. 279, 585 S.W.3d 161. Although the claim is now raised with respect to disclosure to the defense and not the jury, Joiner fails to demonstrate that she is entitled to relief. A naked allegation that a constitutional right has been invaded will not suffice. *Ivory v. State*, 2019 Ark. 386, 589 S.W.3d 378. The burden is on the petitioner to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *Id*. Although Joiner makes a general reference to threats made to Mask *after* she reported the robbery, Joiner has failed to identify the specific nature of the threats and identify the testimony that she contends was not credible and that could have been confronted had she been provided with the allegedly withheld, exculpatory evidence. *Id*.

6

regarding witness testimony does not fall within the confines of a *Brady* violation, i.e., evidence withheld prior to trial, and it appears that Joiner's claim is nothing more than an attack on the sufficiency of the evidence. Claims that attack the sufficiency of the evidence or the credibility of witnesses constitute a direct attack on the judgment and are not within the purview of a coram nobis proceeding. *Swanigan v. State*, 2019 Ark. 294, 586 S.W.3d 137. Joiner has failed to state sufficient allegations to satisfy issuance of the writ.

Petition denied; motion denied.

*Shequita L. Joiner*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for respondent.