Cite as 2020 Ark. 298

# SUPREME COURT OF ARKANSAS
No. CR-96-428

| | | |
|---|---|---|
| LARRY RAYFORD | PETITIONER | **Opinion Delivered:** October 1, 2020 |
| V. | | |
| STATE OF ARKANSAS | RESPONDENT | PRO SE FIFTH PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS OR OTHER EXTRAORDINARY RELIEF [ASHLEY COUNTY CIRCUIT COURT, NO. 02CR-93-18] |
| | | PETITION DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Larry Rayford brings this fifth petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis or, alternatively, for other extraordinary relief in the form of a writ of certiorari. In the petition, Rayford contends that he is entitled to these two forms of extraordinary relief because the prosecutor who had signed the information was subsequently elected to the circuit court and entered a posttrial order that Rayford contends nullifies his conviction. We disagree and deny the petition.

A jury found Rayford guilty of capital murder and sentenced him to life imprisonment without parole. This court affirmed the judgment. *Rayford v. State*, 326 Ark. 656, 934 S.W.2d 496 (1996). Subsequently, Rayford sought postconviction relief without

success, including filing four previous petitions to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1]

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime

---

[1]*Rayford v. State*, 2018 Ark. 183, 546 S.W.3d 475; *Rayford v. State*, 2011 Ark. 86; *Rayford v. State*, CR-96-428 (Ark. Feb. 14, 2008) (unpublished per curiam); *Rayford v. State*, CR-96-428 (Ark. Mar. 4, 2004) (unpublished per curiam).

during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

A successive application for coram nobis relief is an abuse of the writ if the petitioner alleges no fact sufficient to distinguish his or her claims in a successive petition from the claims in a prior petition. *Joiner v. State*, 2020 Ark. 126, 596 S.W.3d 7. Even if additional facts are presented in support of the same grounds, a court has the discretion to determine whether the renewal of a petitioner's application for the writ will be permitted. *Id.*

In his error coram nobis petition, Rayford contends that he is entitled to relief because the circuit judge, Sam Pope, entered a posttrial order over a year after Rayford's judgment of conviction was entered by the judge who had presided over Rayford's criminal trial. Judge Pope's order declared Rayford indigent and directed the court reporter to produce the direct-appeal record at public expense. The order also reflects that Judge Pope had recused himself from any other matters pertaining to Rayford's conviction and appeal. Rayford contends that because Judge Pope had previously been the prosecutor who signed the information charging Rayford with the crime, Judge Pope did not have the authority to enter the posttrial order. According to Rayford, Judge Pope should have been prohibited from entering any orders in connection with Rayford's criminal proceedings in accordance with the Canons of Judicial Conduct, and the failure to do so nullified his conviction.

3

As stated above, Rayford has filed multiple petitions for coram nobis relief, and this petition is Rayford's fifth. In Rayford's pro se second petition for coram nobis relief, he argued that his conviction was the result of prosecutorial and judicial misconduct based on the same allegations that he has set forth in this fifth petition. *Rayford v. State*, CR-96-428 (Ark. Feb. 14, 2008) (unpublished per curiam). In that case, we held that Rayford's allegations of error did not serve the function of the writ. In this pending petition, Rayford has framed his argument in the context of Judge Pope's lack of authority to enter the posttrial order rather than in the context of judicial and prosecutorial misconduct. Even so, Rayford has not alleged facts sufficient to distinguish his recent claim from the one made in his prior petition. *Joiner*, 2020 Ark. 126, 596 S.W.3d 7. In sum, Rayford's petition is an abuse of the writ and is subject to dismissal. *Id.*

Alternatively, Rayford seeks relief in the form of a petition for writ of certiorari. There are two requirements that must be satisfied for this court to grant a writ of certiorari. *Pedraza v. Circuit Court of Drew Cty.*, 2013 Ark. 116, 426 S.W.3d 441. First, there can be no other adequate remedy but for the writ of certiorari. *Id.* Second, a writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.* Certiorari will not be used to reverse a trial court's discretionary authority and a decision of recusal is a discretionary one. *Manila Sch. Dist. No. 15 v. Wagner*, 357 Ark. 20, 159 S.W.3d 285 (2004).

Rayford contends that Judge Pope's failure to recuse himself in a posttrial matter that was extraneous to the underlying judgment of conviction rendered the order signed by Judge Pope void and, in turn, invalidated the judgment of conviction. Rayford is mistaken.

Judge Pope entered an order favorable to Rayford for the purpose of preserving Rayford's right to appeal his conviction and recused himself from any further proceedings in Rayford's criminal appeal. Judge Pope's action in the matter was discretionary and is not subject to certiorari—particularly when the issue is raised years after the fact. As stated above, disqualification is discretionary with the judge himself, and the decision will not be reversed absent some abuse of that discretion. *Woods v. State*, 278 Ark. 271, 644 S.W.2d 937 (1983). To gain issuance of the writ, a plain and gross abuse of discretion must be demonstrated. *Pedraza*, 2013 Ark. 116, 426 S.W.3d 441. Judge Pope did not commit a gross and manifest abuse of discretion by entering an order designed to preserve Rayford's rights on appeal. In any event, Rayford could have objected when the order was entered by Judge Pope. The disqualification of a judge may be waived by the failure to timely object. *Worth v. Benton Cty. Circuit Court*, 351 Ark. 149, 89 S.W.3d 891 (2002).

Petition denied.

*Larry Rayford*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for respondent.