Cite as 2021 Ark. 89

# SUPREME COURT OF ARKANSAS

No. CR-11-613

| | | |
|---|---|---|
| DANNY LEE ASHLEY | | **Opinion Delivered:** April 22, 2021 |
| | PETITIONER | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND FOR CLARIFICATION OF CERTAIN DATES [GRANT COUNTY CIRCUIT COURT, NO. 27CR-10-22] |
| V. | | |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | PETITION DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Danny Lee Ashley was convicted by a Grant County jury of possession of drug paraphernalia with intent to manufacture methamphetamine, a class B felony, and possession of a controlled substance (methamphetamine), a class C felony, for which he was sentenced to an aggregate term of 240 months' imprisonment in the Arkansas Division of Correction. The Arkansas Court of Appeals affirmed Ashley's conviction and sentence. *Ashley v. State*, 2012 Ark. App. 131, 388 S.W.3d 914. Ashley brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis and for clarification of certain dates in which he contends that the State withheld material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that he is being denied

due process of law and being subjected to cruel and unusual punishment. Because none of Ashley's claims establish a ground for the writ, the petition is denied.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

In making his first claim to reinvest jurisdiction in the trial court, Ashley contends "he was prejudiced because he was convicted of a crime that he was not guilty of committing" and that the trial court "exceeded it subject-matter jurisdiction and should not have entered a judgment of conviction for a crime not charged." Ashley argues that the conviction for

2

possession of a controlled substance should be reversed and dismissed.[1] Ashley's challenge

fails to establish that the trial court lacked authority over the criminal matter.

Although Ashley's argument is framed as a challenge to the subject-matter jurisdiction

of the trial court, his argument is nothing more than assertions of a defective information

and trial error and restates the arguments he made on direct appeal--that the "material

variance of the criminal information that charged him with possession of methamphetamine

and the State's evidence of possession of amphetamine was unduly prejudicial to his defense

[and that] the State should have amended the information prior to trial to reflect the drug

at issue was amphetamine." *Ashley*, 2012 Ark. App. 131, at 8, 388 S.W.3d at 920. The court

of appeals determined that, notwithstanding the State's failure to amend the information,

Ashley failed to move for a directed verdict on that ground. And even though the chemist

testified that the substance was amphetamine, Ashley testified that it was methamphetamine,

meaning the jury was free to believe Ashley and convict him on the basis of his testimony.

*Id.* Ashley's claim that the trial court lacked authority to impose a sentence of imprisonment

with respect to his conviction for possession of a controlled substance lacks a factual basis to

support a finding that the criminal information was defective—as he was provided notice of

---

[1]The writ will lie only to correct errors of fact and not errors of law, and the appropriate remedy under the writ is a new trial. *Hallman v. State*, 2018 Ark. 336, at 3, 561 S.W.3d 305, 307 (citing *Smith v. State*, 200 Ark. 767, 140 S.W.2d 675 (1940)).

the charge for which he was convicted[2]—and does not therefore raise a jurisdictional issue concerning the judgment. *See Rainer v. State*, 2019 Ark. 42, 566 S.W.3d 462.

Ashley next claims that he is entitled to the writ because the State committed a *Brady* violation. While a *Brady* violation comes within the purview of coram nobis relief, the fact that a petitioner alleges a *Brady* violation is not, in itself, sufficient to provide a basis for the writ. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767. It is a violation of *Brady* and a ground for the writ if the defense was prejudiced because the State wrongfully withheld evidence from the defense prior to trial. *Mosley v. State*, 2018 Ark. 152, 544 S.W.3d 55. The Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634.

Ashley contends that a *Brady* violation occurred when the State failed to disclose, prior to trial, that the Arkansas State Crime Laboratory chemist determined—and the lab report revealed—that the substance found on Ashley was amphetamine and not

---

[2]The jury found Ashley guilty of the lesser-included offense of possession of a controlled substance (methamphetamine) in lieu of the charged offense, possession of a controlled substance with intent to deliver (methamphetamine).

methamphetamine and that the State was obligated to disclose to the defense that the substance tested negative for methamphetamine, since he was charged with possession of a controlled substance (methamphetamine) with intent to manufacture. Although Ashley's argument centers on the State's alleged failure to disclose the crime-lab report prior to trial, the report was admitted at trial, and the crime-lab chemist testified at trial. When a petitioner offers nothing to show that information was concealed from the defense, and the issue could have been determined with certainty at the time of trial, the petitioner has not demonstrated a *Brady* violation that warrants issuance of the writ of error coram nobis. *See Barnett v. State*, 2015 Ark. 190, 461 S.W.3d 683. Neither the report nor the chemist's testimony was concealed at trial. *See, e.g.*, *Henington v. State*, 2018 Ark. 279, 556 S.W.3d 518 (noting report was mentioned at trial, and therefore, it could not be said that the report was concealed from the defense at the time of trial). Accordingly, Ashley has failed to meet the threshold burden of demonstrating a fundamental error of fact extrinsic to the record that was concealed from the defense.

Although Ashley contends he was prejudiced because the lab report revealed a different controlled substance, amphetamine, than the one for which he was charged, methamphetamine, the crux of his argument appears to be that he lacked notice of the charges against him. Ashley's claims regarding defects in the criminal information could have been discovered or raised in the trial court. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. Claims that a petitioner could have known, or knew, at the time of trial do not provide grounds for issuance of the writ of error coram nobis. *Id*. Moreover, Ashley does not

challenge that the information was defective per se;[3] rather, he appears to challenge the sufficiency of the evidence because he references the crime-lab report indicating the substance was amphetamine and that he could not have been convicted of possessing methamphetamine. Claims that attack the sufficiency of the evidence or the credibility of witnesses constitute a direct attack on the judgment and are not within the purview of a coram nobis proceeding. *Joiner v. State*, 2020 Ark. 126, 596 S.W.3d 7. Ashley has failed to state sufficient allegations to satisfy issuance of the writ.

Finally, Ashley asserts that he is being denied due process because the "State courts erred in notifying [him] of the appellate decision and subsequently starting [his] sentence eight years after the mandate [ ] issued." Because Ashley contends it is the State's fault that he was not in jail and free on appeal and because he was not informed that he should surrender, this court should enter a judgment ordering the trial court to enter a new sentencing order granting Ashley credit for time served from February 2012 to March 1, 2020.

---

[3]A criminal information is sufficient if it names the defendant, the offense charged, the statute under which the charge was made, the court, and the county where the alleged offense was committed, and if it sets forth the principal language of the statute and the asserted facts constituting the offense. *Beard v. State*, 269 Ark. 16, 598 S.W.2d 72 (1980). Ashley makes no argument that the information was insufficient except to essentially challenge his lack of notice that the controlled substance "charged" by the State was amphetamine, which he contends is materially different from methamphetamine. However, the offense for which he was charged and eventually convicted involved methamphetamine as the controlled substance.

As noted earlier, a writ of error coram nobis is available for addressing certain facts that would have prevented the rendition of the judgment had they been known to the trial court. Ashley's claims that he lacked notice of the issuance of the mandate and that his sentence should be recalculated concern a situation that arose well after the judgment was rendered. Thus, coram nobis relief is not available. *E.g.*, *Bunch v. State*, 2018 Ark. 379, 563 S.W.3d 552 (claim seeking reduction in sentence does not fit within recognized bases for coram nobis relief and is not the proper remedy to challenge an allegedly illegal sentence). Ashley has failed to demonstrate that he is entitled to error coram nobis relief.

Petition denied.

*Danny Lee Ashley*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for respondent.